1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   PATRICK GEORGE BASSETT, et al.

11            Plaintiffs,              No. CIV S-12-0113 CKD P

12      vs.

13   BARACK OBAMA, et al.

14            Defendants.        <u>FINDINGS AND RECOMMENDATIONS</u>

15   _____/

16        Plaintiffs are prisoners proceeding pro se with an action under 42 U.S.C. § 1983.

17   They seek injunctive relief and damages related to the presence of individuals who "weren't born

18   in the United States."  Complaint at 2.

19        The court is required to screen complaints brought by prisoners seeking relief

20   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

21   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

22   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

23   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

24   U.S.C. § 1915A(b)(1),(2).

25        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

26   <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28

1

1   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

4   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

5   Cir. 1989); Franklin, 745 F.2d at 1227.

6          When considering whether a complaint states a claim upon which relief can be

7   granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200

8   (2007), and construe the complaint in the light most favorable to the plaintiff.  See Scheuer v.

9   Rhodes, 416 U.S. 232, 236 (1974).  Pro se pleadings are held to a less stringent standard than

10  those drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  Still, to survive

11  dismissal for failure to state a claim, a pro se complaint must contain more than "naked

12  assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

13  action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words,

14  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

15  statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a

16  claim upon which the court can grant relief must have facial plausibility.  Twombly, 550 U.S. at

17  570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

18  court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

19  Iqbal, 129 S. Ct. at 1949.  Attachments to a complaint are considered to be part of the complaint

20  for purposes of a motion to dismiss for failure to state a claim.  Hal Roach Studios v. Richard

21  Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir.1990).

22         The court finds that the allegations of the complaint present an indisputably

23  meritless legal theory such that it can only be labeled "frivolous."  See Neitzke, 490 U.S. at 327.

24  The complaint should be dismissed without leave to amend and this case closed.

25  ////

26  ////

2

1        IT IS HEREBY ORDERED that the Clerk of Court randomly assign this action to

2   a district judge.

3        IT IS RECOMMENDED that the complaint be dismissed and this case closed.

4        These findings and recommendations are submitted to the United States District

5   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

6   one days after being served with these findings and recommendations, any party may file written

7   objections with the court and serve a copy on all parties.  Such a document should be captioned

8   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

9   shall be served and filed within fourteen days after service of the objections.  The parties are

10  advised that failure to file objections within the specified time may waive the right to appeal the

11  District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

12  Dated: April 10, 2012

13

14                                CAROLYN K. DELANEY
                                  UNITED STATES MAGISTRATE JUDGE
15

16

17

18

19

20

21

22

23  3
    bass0113.57

24

25

26

                                        3